| | | |
|---|---|---|
| CYNTHIA LUDWIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-cv-223-JEM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court on Plaintiff's Petition for Approval of 406(b) Attorney Fee [Doc. 26], which is before the Court pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and the consent of the parties [Doc. 10]. Plaintiff requests an award of $14,739.40 in attorney's fees under 42 U.S.C. § 406(b) [*Id.* at 1]. The Commissioner has filed a response indicating no objection to Plaintiff's request for attorney's fees [Doc. 28]. For the reasons stated more fully below, the Court **GRANTS** Plaintiff's Petition for Approval of 406(b) Attorney Fee [**Doc. 26**].

## I.  BACKGROUND

Plaintiff filed a Complaint against the Commissioner on June 27, 2022, requesting judicial review of the Commissioner's denial of her claim for disability insurance benefits under Title II of the Social Security Act [Doc. 1]. On September 27, 2022, Plaintiff filed her Motion for Summary Judgment [Doc. 11] and accompanying Memorandum in Support of Motion for Summary Judgment [Doc. 12], asserting that the Commissioner's decision was invalid and that she was entitled to summary judgment as a matter of law. She argued that the ALJ made five major errors, which were (1) the ALJ failed to consider a claimant's ability to perform full time work, 8 hours a day, 5 days a week; (2) the ALJ failed to properly analyze claimant's major medical

impairment of fibromyalgia; (3) the ALJ improperly addressed medical source opinions; (4) the ALJ's decision does not contain adequate supporting rationale for the decision's "B" criteria findings, and (5) the ALJ announced at the hearing that he would not consider claimant's credibility, but only whether or not her testimony is consistent with the objective medical evidence [Doc. 12 p. 2]. On December 14, 2022, Defendant filed its Motion for Summary Judgment [Doc. 15] and Memorandum in Support [Doc. 16] and asserted that the ALJ properly evaluated the severity of Plaintiff's mental complaints and that substantial evidence supported the ALJ's evaluation of Plaintiff's residual functional capacity [Doc. 16 p. 1]. On June 15, 2023, the Court entered an Order and accompanying Judgment [Docs. 18, 19], granting Plaintiff's Motion for Summary Judgment and remanding the matter to the Commissioner for further administrative proceedings.

On September 13, 2023, the parties filed a Joint Stipulation for attorney's fees pursuant to 28 U.S.C. § 2412(d), stipulating that Plaintiff was entitled to attorney's fees in the amount of $7,369.70 [Doc. 23 p. 1]. The Court construed the stipulation as a motion and granted it on September 20, 2023 [Doc. 25].

On remand, an ALJ found Plaintiff disabled as of April 14, 2025, and the Social Security Administration awarded benefits [Doc. 26 p. 1]. Plaintiff's past-due benefits for the period from February 2017 through December 2024 totaled $142,942.00 [*Id*. at 2].[1] The Social Security Administration Notice of Award Letter ("Notice of Award") states that of that amount, $35,735.00

---

[1] The Social Security Administration did not award continuing payments given Plaintiff's death on January 4, 2025, and authorized retroactive benefits potentially due to her survivors once proper application was made for those benefits [Doc. 26 p. 9].

was withheld in accordance with the usual policy of withholding twenty-five percent of past due benefits for potential payment of a claimant's representative's fee [*Id.*].

As outlined in the motion [Doc. 23], Plaintiff's counsel now seeks $14,739.40 in attorney's fees under 42 U.S.C. § 406(b). In support, Plaintiff's counsel has submitted the Fee Agreement [Doc. 26 p. 7], Affidavits [*id.* at 4–6], the Notice of Award [*id.* at 8–11], Notice of Decision [*id.* at 12–14], the Social Security decision [*id.* at 15–22], and time summary [*id.* at 25–27].

Following the filing of Plaintiff's counsel's request, the Commissioner filed a response [Doc. 28]. The Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $14,739.40" [*Id.* at 1]. The Commissioner notes that the Court must independently determine whether the requested fee is reasonable [*Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002))]. The Commissioner requests the Court "direct that Plaintiff's counsel reimburse Plaintiff any fees previously received under the Equal Access Justice Act (EAJA), 28 U.S.C. § 2412, in its order resolving Plaintiff's fee petition" [*Id.* at 2].

## II.    ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before § 406(b) fees will be awarded: (1) the Court must have rendered a judgment favorable to the plaintiff; (2) the plaintiff must have been represented by counsel; and (3) the Court must find that the fee is reasonable and not in excess of twenty-five percent of the total past-due benefits to which Plaintiff is entitled. *See id.* In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of § 406(b), may be considered a "favorable judgment." *See Wilson v. Saul*, No. 3:16-cv-95, 2019 WL 6742965, at *2 (E.D. Tenn. Dec. 11, 2019) (citing *Bergen v. Comm'r of*

3

*Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006)). Thus, the Court finds that the first condition for granting attorney's fees under § 406(b) has been met. And Plaintiff was represented by counsel in her appeal under an agreement, which provided for a contingent fee in the amount of twenty-five percent of the past-due benefits as payment for counsel's representation [Doc. 26 p. 7]. Thus, the Court must consider only the reasonableness of the requested fee amount.

As the Commissioner correctly notes, the Court must independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, then "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

In support of his request for fees, Plaintiff's counsel submits "[t]he Federal Court fee agreement calls for a 25% attorney fee. The United States District Court remanded the claim in an Order filed June 16, 2023. The claim was approved by the Administrative Law Judge in a Fully Favorable Decision dated January 13, 2026" [Doc. 26 p. 2].

The Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Indeed, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits

was ultimately granted to Plaintiff. Thus, counsel was seemingly effective in his representation as he was able to achieve a favorable result for his client.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is per se reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746).

Plaintiff's counsel has requested a fee in the amount of $14,739.40, which in addition to the $7,369.70 already awarded in attorney's fees, is less than what has been withheld by the Commissioner pursuant to the usual practice of withholding twenty-five percent of past due benefits to a representative [Doc. 26 pp. 1–2]. Plaintiff's counsel has submitted a ledger detailing 35.20 hours of total work on Plaintiff's appeal to this Court [*id.* at 25–27], for an effective hourly rate of $628.10. Plaintiff's counsel relates he is a certified Social Security Disability specialist and has practiced in the law of Social Security since 1978 [Doc. 26 p. 4]. He represents that if he were to charge an hourly rate for his services, his fee would be $250 to $300 per hour [*Id.*]. Plaintiff attached an affidavit from Edwin A. Anderson, an attorney in Knoxville, Tennessee, who avers that he is familiar with the hourly rates charged in the Knoxville area by attorneys with the

5

experiences of Plaintiff's counsel, and that the average hourly rate charged by such attorney would be $250.00 to $300.00 an hour [*Id.* at 6].

The undersigned finds that the effective hourly rate does not constitute a windfall in this particular case. In making this finding, the undersigned is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . . Contingent fees generally overcompensate in some cases and undercompensate in others."). Additionally, most, if not all, of the hours worked appear to be appropriately characterized as attorney time as opposed to clerical or paralegal time. *See Hayes*, 923 F.2d at 422 (considering "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time").

Furthermore, as a result of counsel's efforts, Plaintiff is entitled to past due benefits in the amount of $142,942.00 [*See* Doc. 26 p. 9]. There is also no indication counsel was the source of any delay in this case. *See Hall v. Colvin*, No. 3:11-CV-571, 2016 WL 792415, at *2 (E.D. Tenn. Feb. 29, 2016) (looking favorably on the fact that "there is no evidence that counsel was the source of any delay").

Finally, other courts both within and outside the Eastern District have approved comparable effective hourly rates in contingency fees cases. *See id.* at *3 (collecting cases from other districts both in and outside of the Sixth Circuit that awarded effective hourly rates of $745.86, $944.00, $982.00, $830.00, $891.00, and $736.00). While the effective hourly rate in this case is above the floor set by the Sixth Circuit Court in *Hayes*, the Commissioner does not make any arguments to rebut the presumed reasonableness of the fee. *See Hayes*, 923 F.2d at 422 ("If the calculated hourly

6

rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee.").

For all of these reasons, the Court finds the requested fee is reasonable.

## III.    CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [**Doc. 23**]. It is **ORDERED** that attorney's fees in the amount of $14,739.40 be payable to Plaintiff's counsel under 42 U.S.C. 406(b) and that, upon receipt of these fees, Plaintiff's counsel shall remit to Plaintiff's estate or representatives the attorney's fees previously received from the Commissioner pursuant to the EAJA ($7,369.70).

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

7